**THE ALVAREZ FIRM, A Law Corporation**
**DAVID A. SHANEYFELT, State Bar No. 240777**
dshaneyfelt@alvarezfirm.com
**JUSTIN M. ALVAREZ, State Bar No. 223472**
jalvarez@alvarezfirm.com
24005 Ventura Boulevard
Calabasas, California 91302
Tel: (818) 224-7077
Fax: (818) 224-1380

Attorneys for Plaintiff Jeffrey Tilem

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TILEM, | CASE NO.: 2:17-cv-06904-RSWL-AS |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM RE JOINT STIPULATION UNDER LOCAL RULE 37-2 ON UNRESOLVED MATTERS REGARDING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) AND INTERROGATORIES (SET ONE) TO TRAVELERS COMMERCIAL INSURANCE COMPANY UNDER FED. R. CIV. P. 33 AND 34** |
| vs. | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation, | |
| Defendant. | |

Discovery Cut-Off:     July 31, 2018

Pre-Trial Conference:  October 16, 2018

Trial:                 December 11, 2018

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM

Pursuant to Local Rule 37-2.3, Plaintiff Jeffrey Tilem hereby submits this Supplemental Memorandum Re: Joint Stipulation under Local Rules 37-1 and 37-2 on unresolved matters regarding Plaintiff's Request for Production of Documents (Set One) and Request for Interrogatories (Set One) under Rules 33 and 34 of the Federal Rules of Civil Procedure.

Defendant Travelers Insurance Company ("Travelers") offers five reasons why it should not be compelled to produce documents and information regarding its contractor, Jeff Coronado Structural Engineering Consultants ("Coronado"): (1) Non-party Insureds have privacy rights in such information; (2) Private information is not generally discoverable; (3) The information is not relevant to this case; (4) *Colonial Life* does not concern Rule 26 discovery disputes; and (5) The discovery is not proportional to the needs of the case.  Each of these reasons fail and a decision in this District explains why.

In *Whalen v. Standard Ins. Co.*, 2009 WL 1457748 (C.D. Cal. 2009), an employee claimed he was wrongly denied disability benefits under a disability insurance plan.  He sought discovery regarding two of the insurance company's physician consultants and the reports, opinions and medical file reviews that each of these consultants had prepared for the insurance company *as to other claimants*. *Id*. at *1.  The magistrate judge ordered production, subject to the condition that only 50 such reports need be provided.  *Id*.  The insurance company appealed to the district court raising the same arguments that Travelers makes here.  We address them in the order Travelers addresses them here.

### A.   Privacy Rights Of Non-Parties Will Be Protected.

First, Travelers' concern regarding the privacy rights of third parties may be addressed the same way as in *Whalen*:  "The confidentiality issues alleged may be

– 1 –

dismissed since Whalen avers that the reports at issue would be subject to a protective order and that all identifying information would be redacted." *Id*. at *3. Plaintiff so stipulates here.

**B.** **Private Information Will Be Protected.**

Second, while private information arising from Travelers' production of Coronado's other consulting work may be protectable, the private information would be protected here because of the protective order currently in place. Again, Plaintiff stipulates that the information would be subject to that order.

**C.** **The Information Is Highly Relevant.**

Third, contrary to Travelers' assertion, the information is highly relevant to the claims and defenses made in this case. The insurance company in *Whalen* made the same objection that Travelers makes here, quoting *Dilley v. Metropolitan Life Ins. Co.*, 256 F.R.D. 643 (N.D. Cal. 2009): "Details of claim files of other claimants are meaningless unless a finding can be made that Standard wrongly denied those claims" and "[s]uch a finding cannot be made because the 50 reports at issue address only medical issues within the physician's medical specialty [ ] and do not address vocational issues and policy language (for example, the definition of disability, or exclusion/limitations) applicable to the claim." *Id*. at *2. The Court rejected this argument: "It is undisputed that Standard is both the claims administrator and the funding source of the subject ERISA Plan. As such, Whalen is entitled to discover evidence showing that Standard's admitted conflict influenced its handling of his claim." *Id*.

A similar scenario was presented recently in the United States District Court for the Southern District of Mississippi, where the insured had challenged the insurance company's denial of a claim based on the policy's pollution exclusion. *Grain Dealers Mut. Ins. Co. v. Cooley*, 2017 WL 74724 (S.D. Miss. 2017). The

– 2 –

insured sought discovery of all insureds who had made similar claims against the insurer *on other homeowners insurance policies* in which the insurance company claimed the same exclusion.  The Court rejected the insurance company's argument that such information was irrelevant, noting that courts may consider extrinsic evidence to determine the meaning of the terms.  *Id*. at *2.

Plaintiff claims that Travelers retained Coronado knowing that Coronado would provide a friendly report to Travelers, and that Coronado intended to provide a friendly report to Travelers.  Evidence that Coronado invariably provides friendly reports to Travelers on other claims files would be powerful evidence that Coronado did so here.

### D.  *Colonial Life* Demonstrates The Relevance.

Fourth, Travelers is correct that *Colonial Life* does not concern any Rule 26 discovery dispute.  But it *does* explain why such discovery is relevant.[1]  If Travelers had a pattern and practice of denying homeowners insurance claims using Coronado to prepare positive reports for Travelers and negative reports for insureds, then Plaintiff may use that evidence to explain why Travelers breached its well-recognized duties toward Plaintiff here.

### E.  The Discovery Is Proportional To The Claim.

Finally, Travelers claims that the discovery sought is not proportional to the needs of this case, citing a statement from one of its officials who says "there are potentially 68 claims that may involve a request to Coronado to conduct an inspection."  Joint Stip., at 35:1-10.  This number does not reflect any inherent undue burden, at least no more than the 50 reports ordered produced in *Whalen* or

---

[1] Travelers' claim that *Colonial Life* was curtailed by two other Supreme Court cases is inapposite.  Joint Stip. at p. 32.  Plaintiff makes no claim against Travelers under section 790.03 of the California Insurance Code.

– 3 –

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

the 3,596 claims files ordered produced in *Cooley*. See *Whalen*, at * 3 ("the reports are available electronically and de facto limited in number, thereby preventing a *significant* burden in producing them") (emphasis in original); *Cooley*, at *3 ("The Court finds that this is not unduly burdensome considering the factors delineated in Federal Rule of Civil Procedure 26(b)(1).")

Also, Travelers' cost estimate – "402 hours to review materials for 68 claims (68 claims x 6 hours)," at a cost of $80,400 – is overblown. Coronado's report for Plaintiff is 21 pages and does not require six hours of review. See Joint Stip., Exh. 4. Ten minutes of review will reveal that (a) it addresses a claim under a homeowners' insurance policy; (b) he concludes that earth movement is responsible for the damage, (not a covered cause of loss). And given the estimated cost of approximately $500,000 for the repair of Plaintiff's home, not counting other damages recoverable in this case, compliance with this discovery is proportional to the needs of this case.

It bears repeating that Plaintiff has demonstrated the existence of enough smoke regarding Travelers' fraudulent relationship with Coronado that there is real fire behind it to be found in possibly 68 other claims reports he prepared for Travelers. It is not hard to imagine, given the facts known so far, that Coronado has prepared 68 claims reports for Travelers in which *all* of them support Travelers, *all* of them are opposed to homeowners, *all* of them purport to make independent findings that "earth movement" occurred, and that *all* of them are in the same format, with sharp, polished text and photos, pretending to look as if Travelers had retained some professional contractor who was merely exercising independent professional judgment on the cause of damage, when, instead, Travelers and Coronado were in professional cahoots to fabricate records so as to deny claims.

– 4 –

Maybe some of those records will show that Coronado sent reports to other officials "just for giggles," as he did in the *Duitch* case, or that he conducted a "soils test" under the guise as an expert, although not a soils expert, and simply went to the garden and ran a water hose through dirt in his hand.  These are not idle speculations, because these are facts supported by sworn record evidence.  And such facts evince the violation of crystal clear, long-standing duties that an insurance company owes its insureds to investigate a claim *reasonably* and *thoroughly*.  These are traditional questions of fact for a jury to consider in determining whether Travelers engaged in bad faith and a jury should consider these facts here.  *Wilson v. 21st Century Ins. Co.*, 42 Cal.4th 713, 724 (2007); *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 818–19 (1979); *Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc*. 78 Cal.App.4th 847, 879 (2000).

Accordingly, Plaintiff requests that the Court compel the discovery as requested in the Joint Stipulation.[2]

DATED:  May 3, 2018                    **THE ALVAREZ FIRM**

_____/s/ David A. Shaneyfelt_____
**David A. Shaneyfelt**
**Attorney for Plaintiff Jeffrey Tilem**

---

[2] Travelers is correct in representing that Plaintiff's motion is moot as to RFP 12 (concerning vendor agreements between Travelers and Coronado).  Joint Stip. 37:23-38:2.  Travelers produced documents responsive to this request on May 2, 2018.

– 5 –

The Alvarez Firm, a Law Corp.
24005 Ventura Blvd.
Calabasas, CA 91302

## **CERTIFICATE OF SERVICE**

I, David A. Shaneyfelt, an attorney, hereby certify that on May 3, 2018, I caused a copy of the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Central District of California, on all parties registered for e-filing in Case Number 2:17-cv-06904-RSWL-AS. Counsel of record are required by the Court to be registered e-filers, and as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

s/ David A. Shaneyfelt_____
David A. Shaneyfelt

The Alvarez Firm, a Law Corp.
2405 Ventura Blvd.
Calabasas, CA 91302

– 6 –

**JOINT PL.'S SUPP. MEMO RE JOINT STIP. UNDER L.R. 37-2 ON UNRESOLVED MATTERS RE: PL.'S RFPS AND INTERROGS (SET 1) TO TRAVELERS INS. CO.**